

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Baker
County Auditor
Lamar County
Paris, Texas

Dear Sir:

Opinion No. O-3804
Re: Should any increase of salary
of the county auditor be made
by order of the district judge
or district judges, or by order
of the commissioners' court
alone, and related question?

Your letter of July 22, 1941, requesting an opinion of this department on the questions stated herein, has been received.

We quote from your letter as follows:

"My appointment as County Auditor of this county dates from December 1940, and at that time the salary of the office was fixed by Statute at $5000.00 per year.

"Acts 1937, 45th. Leg. 2nd. C.S., H.B. #61 provided that in every county in this State having a population of not less than 46,179 and not more than 49,020, according to the last preceding Federal Census, fixed the compensation of the Auditor in Lamar County at the above mentioned figures.

"The population of Lamar County, at the last Federal Census, released January 11, 1941, is 50,425 which reduced the Auditor's salary in this county to that as provided in Art. 1645, R. C. S. of Texas, as said Article existed January 1st. 1940.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The tax rendition in Lamar County for the year 1940 was $21,067,040 which, together with the Federal Census, reduced the salary of Auditor in this County from $3000.00 to $2625.00.

"Senate Bill as passed by the 47th. Legislature, provides for an increase of salary of County Auditors, as I construe it, to an amount not exceeding that received by the Assessor-Collector of Taxes in this county, or in any county affected.

"Query: Should any increase of salary of County Auditor be made by order of the District Judge or District Judges, or by order of the Commissioners Court alone?

"Query: Upon re-appointment of Auditor at expiration of present term, should the salary be fixed by the District Judge or District Judges at the time of such appointment without any action of the Commissioners Court, except as provided in said Act of 47th. Legislature amending Article 1645?"

Senate Bill 149, Acts of the 47th Legislature, 1941, reads in part as follows:

"Article 1645. In any county having a population of thirty five thousand (35,000) inhabitants, or over, according to the last preceding Federal Census, or having a tax valuation of Fifteen Million ($15,000,000.00) Dollars or over, according to the last approved tax roll, there shall be biennially appointed an auditor of accounts and finances, the title of said officer to be County Auditor, who shall hold his office for two (2) years and who shall receive as compensation for his services to the county as such County Auditor, an annual salary of not more than the annual salary allowed or paid the Assessor and Collector of Taxes in his county, and not less than the annual salary allowed such County Auditor under the general law provided in Article 1645, Revised Civil Statutes,

as said Article existed on January 1, 1940, such salary of the County Auditor to be fixed and determined by the District Judge or District Judges making such appointment and having jurisdiction in the county, a majority ruling, said annual salary to be paid monthly out of the general fund of the county. The action of said District Judge or District Judges in determining and fixing the salary of such County Auditor shall be made by order and recorded in the minutes of the District Court of the county, and the Clerk thereof shall certify the same for observance to the Commissioners' Court, which shall cause the same to be recorded in its minutes; after the salary of the County Auditor has been fixed by the District Judge or District Judges, no change in such salary shall thereafter become effective until the beginning of the next ensuing fiscal year of the county. Provided however, any increase in the salary of any such County Auditor, over and above the annual salary allowed such County Auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940, shall only be allowed or permitted with the express consent and approval of the Commissioners' Court of the county whose County Auditor is affected or may be affected by the provisions of this Act; such consent and approval of such Commissioners' Court shall be made by order of such Court and recorded in the minutes of the Commissioners' Court of such County.

"..... "

Article 1645, Vernon's Annotated Civil Statutes, as it existed January 1, 1940, reads in part as follows:

"In any county having a population of thirty-five thousand (35,000) inhabitants, or over, according to the preceding Federal Census, or having a tax valuation of Fifteen Million Dollars ($15,000,000), or over, according to the

last approved tax rolls, there shall be bi-
ennially appointed an Auditor of Accounts and
Finances, the title of said officer to be County
Auditor, who shall hold his office for two(2)
years, and who shall receive as compensation for
his services One Hundred and Twenty-five Dollars
($125) for each million dollars, or major portion
thereof on the assessed valuation, the annual
salary to be computed from the last approved
tax rolls; said annual salary from county funds
shall not exceed Three Thousand, Six Hundred
Dollars ($3,6000). . . . "

Senate Bill 119, supra, among other things, provides
in effect that the County Auditor shall receive a salary as
compensation for his services to the county as such County
Auditor an annual salary of not more than the annual salary
allowed or paid to the Assessor and Collector of Taxes in
the County, and not less than the annual salary allowed such
County Auditor under the general law provided in Article 1645,
Revised Civil Statutes, as said article existed on January 1,
1940. The salary of the County Auditor is to be fixed and
determined by the District Judge or District Judges having
jurisdiction in the county, and where there is more than one
District Judge, a majority ruling must be had in determining
and fixing the salary of the County Auditor. However, if
there is any increase in the salary of the County Auditor,
over and above the annual salary allowed the County Auditor
under the general law provided in Article 1645, as said
article existed on January 1, 1940, the same shall only be
allowed or permitted with the express consent and approval
of the Commissioners' Court of the county whose County Auditor
is affected by the provisions of the act and such consent
and approval of such Commissioners' Court shall be made by
order of such county and recorded in the minutes of the
Commissioners' Court of such county. In other words, the
salary of the County Auditor is to be determined and fixed
by the District Judge or District Judges having jurisdiction
in the county, and if there is an increase in the salary of
the County Auditor over and above the annual salary allowed
such County Auditor under the general law provided in Article
1645, as said article existed on January 1, 1940, the increase
in salary shall not be allowed or permitted without the ex-
press consent and approval of the Commissioners' Court of
the county whose Auditor is affected. With a reference to any
increase of the annual salary of the County Auditor as au-
thorized by the above mentioned act (Senate Bill 119), to be

effective for the balance of the current year, it will be necessary that funds are available in keeping with the county budget as set up under Article 689a-11, Vernon's Annotated Civil Statutes.

With reference to your second question, you are advised that it is our opinion that the salary of the County Auditor is to be determined and fixed by the District Judge or District Judges having jurisdiction in the county at the time of the appointment of the County Auditor, without any action of the Commissioners' Court except as discussed above. In short, if there is any increase in the salary of the County Auditor over and above the amount allowed by the general law, Article 1645, as it existed on January 1, 1940, before such increase is allowed the consent and permission of the Commissioners' Court must first be had as provided in Senate Bill 119, supra.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

Approved Aug 1, 1941

By

/s/ Grover Sellers
First Assistant
Attorney General

/s/ Ardell Williams
Assistant

Approved: Opinion Committee
By BWB, Chairman

AW:GO